**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NORTH ATLANTIC ENERGY SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1488C<br>Chief Judge Damich |

**JOINT STATUS REPORT**

Pursuant to this Court's order of August 16, 2004, Plaintiff and the Government jointly submit this status report.

On July 1, 2003, this case was stayed pending a decision by the U. S. Court of Appeals for the Federal Circuit in an indirectly-related case (*Florida Power & Light Co., et al. v. United States,* No. 96-644C). On June 15, 2004, the Federal Circuit issued its decision in *Florida Power & Light Co.* and vacated and remanded the case to the Court of Federal Claims (Judge Miller). On June 29, 2004, the parties requested that the stay in this proceeding be continued because *Florida Power & Light Co.* raises some of the same questions of fact and law that may be addressed in this case. That request was granted by the Court on August 16, 2004. On September 20, 2004, Judge Miller issued an order in *Florida Power & Light Co.* establishing a briefing schedule with final reply briefs due on January 8, 2005. A copy of that order is attached hereto.

In the interest of conserving the resources of the parties and the Court, the parties believe that the stay in this case should continue to remain in place until thirty days after the entry of a final judgment by Judge Miller in *Florida Power & Light Co.*, at which time the parties shall file a joint status report.

Dated: December 3, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Michael G. Lepre

ALEX D. TOMASZCZUK
SHAW PITTMAN
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Attorney of Record for Plaintiff

*Of Counsel for Plaintiff*:
John H. O'Neill, Jr.
Michael G. Lepre
Daniel S. Herzfeld
SHAW PITTMAN
2300 N Street, N.W.
Washington, D.C. 20037

ROBERT D. MCCALLUM, JR.,
Assistant Attorney General

J. CHRISTOPHER KOHN,
Director

s/ James G. Bruen, Jr. by s/ Michael G. Lepre

JAMES G. BRUEN, Jr.,
Special Litigation Counsel
Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Telephone: 202.307.0493
Fax: 202.307.0494
Attorneys for Defendant

*Of Counsel for Defendant:*
Matthew J. Troy
Commercial Litigation Branch
Civil Division
Department of Justice

Marc E. Kasischke
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Document #: 1410961 v.1

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | FILED<br>SEP 2 0 2004<br>U.S. COURT OF FEDERAL CLAIMS |
| FLORIDA POWER & LIGHT CO., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | No. 96-644C |
| THE UNITED STATES, | * | (Filed Sept. 20, 2004) |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**ORDER**

Further to the status conference held on September 17, 2004,

**IT IS ORDERED**, as follows:

1. By November 5, 2004, defendant shall submit its brief setting forth its calculations with respect to the price per SWU that would have occurred but for the enactment of EPACT. In doing so, defendant shall identify, by witness name, transcript page number, and exhibit number, the numeric or other references from the trial transcript that support each element of the costs. Defendant may utilize a FREE-run format. Defendant's calculations shall remove all the four challenged (unless defendant continues to contend that imputed interest on GECP is includible) cost categories (it has been found that costs related to high-assay uranium were not included, so they will not be "removed," as such). Defendant shall demonstrate how it amortizes the net, or appropriate costs, *i.e.*, the actual costs of providing enrichment services, over a reasonable period of time, which shall be twelve years. If defendant is unwilling to remove the imputed interest or stipulate to twelve years as the reasonable period of time, the parties shall submit a schedule for trying either or both issues and any issue related to interest. Defendant's brief should address plaintiffs' claim for interest per the contract.

2. By December 9, 2004, plaintiffs shall file their responsive brief in a format that corresponds to defendant's, stating the basis for any disagreement, with citations to the record of trial consistent with ¶ 1 hereof.

3. By January 8, 2005, the parties shall file reply briefs.

4. A copy of this order was transmitted to counsel this date by facsimile transmission.

Christine O. C. Miller

**Christine Odell Cook Miller**
Judge