**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 15, 2005)

| | |
|---|---|
| NORTH ATLANTIC ENERGY SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1488C<br>(Chief Judge Damich) |

**UNOPPOSED MOTION FOR ENLARGEMENT OF TIME AND**
**<u>LEAVE TO FILE JOINT STATUS REPORT OUT-OF-TIME</u>**

Pursuant to this Court's January 6, 2005 Order, Plaintiff and Defendant were to file a joint status report in this case no later than April 4, 2005. In accordance with RCFC 6(b) & 6.1, the parties request an enlargement of time of eleven days to file their joint status report today, April 15, 2005 and move for leave to file the joint status report out-of-time. The joint status report is attached to this motion. Furthermore, Plaintiff has spoken to counsel for Defendant, Mr. James Bruen, Jr., and he has represented that the Government joins in this motion and, thereby, does not oppose it. This is the first time the parties have requested an enlargement of time to file this joint status report.

The parties have been engaged in extensive efforts to resolve this case and *Florida Power & Light Co., et al. v. United States,* No. 96-644C, through mediation (as discussed in the attached joint status report). Those efforts have diverted the parties' attention from the need to file a joint status report in this case by April 4. That failure should be excused and the parties should be allowed to file a joint status report out-of-time given their good faith efforts to resolve this and other related, pending cases.

Therefore, for good cause shown, the parties request that this Court grant the parties' motion for an enlargement of time and request for leave to file their joint status report today, April 15, 2005, eleven days out-of-time.

Dated: April 15, 2005

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff

*Of Counsel for Plaintiff*:

John H. O'Neill, Jr.
Michael G. Lepre
Daniel S. Herzfeld
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

ROBERT D. MCCALLUM, JR.,
Assistant Attorney General
J. CHRISTOPHER KOHN,
Director

s/ James G. Bruen, Jr. by s/ Daniel S. Herzfeld
JAMES G. BRUEN, Jr.,
Special Litigation Counsel
Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Telephone: 202.307.0493
Fax: 202.307.0494
Attorneys for Defendant

*Of Counsel for Defendant:*
Matthew J. Troy
Commercial Litigation Branch
Civil Division
Department of Justice

Marc E. Kasischke
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Document #: 1321292 v.1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 15, 2005)

| | |
|---|---|
| NORTH ATLANTIC ENERGY SERVICE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1488C<br>(Chief Judge Damich) |

**<u>JOINT STATUS REPORT</u>**

Pursuant to this Court's January 6, 2005 Order, Plaintiff and Defendant jointly file this status report.

This case has remained stayed pending the outcome of the *Florida Power & Light Co., et al. v. United States,* No. 96-644C. In their December 3, 2004 joint status report, the parties informed the Court that Judge Miller had ordered a briefing schedule in *Florida Power*. Since that time, the parties completed some briefing in *Florida Power*, but more recently have engaged in mediation proceedings in an effort to resolve the disputes in *Florida Power* and, among other cases, this one without further litigation. Thus, this case is subject to on-going mediation proceedings in conjunction with those of *Florida Power*. *See Florida Power*, Protective Order at 1 (Mar. 30, 2005) ("The parties have agreed to engage in voluntary mediation in an effort to resolve this case and others between them.") (Attachment 1).

In the interests of conserving the resources of the parties and the Court, the parties propose to file a joint status report in this case within thirty days of the completion of mediation

proceedings. The parties further propose that the stay in this case remain in effect until ten days after the filing of the post-mediation status report referenced above.

Dated: April 15, 2005

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff

*Of Counsel for Plaintiff*:

John H. O'Neill, Jr.
Michael G. Lepre
Daniel S. Herzfeld
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

ROBERT D. MCCALLUM, JR.,
Assistant Attorney General
J. CHRISTOPHER KOHN,
Director

s/ James G. Bruen, Jr. by s/ Daniel S. Herzfeld
JAMES G. BRUEN, Jr.,
Special Litigation Counsel
Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Telephone: 202.307.0493
Fax: 202.307.0494
Attorneys for Defendant

*Of Counsel for Defendant:*
Matthew J. Troy
Commercial Litigation Branch
Civil Division
Department of Justice

Marc E. Kasischke
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Document #: 1321284 v.1

# In the United States Court of Federal Claims

FILED
MAR 3 0 2005
U.S. COURT OF FEDERAL CLAIMS

**FLORIDA POWER & LIGHT COMPANY, *et al.*,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.

No. 96-644C

(Filed Mar. 30, 2005)

## PROTECTIVE ORDER

The parties have agreed to engage in voluntary mediation in an effort to resolve this case and others between them. Voluntary settlement, of course, is favored by public policy.

To further the prospect of settlement, the parties or their counsel, or both, may make confidential written or oral disclosures to the mediator, his staff, or both, of documents or information (including mental impressions, conclusions, opinions, or legal theories) that may otherwise be privileged or protected, for example, under the attorney/client privilege or the attorney work product doctrine or Rule 26 (b) (3) of the Rules of this Court. The willingness and ability to make such confidential disclosures, and therefore the likelihood of settlement, are affected by the existence of similar lawsuits brought by other plaintiffs against the United States. To further the prospect of settlement,

**IT IS ORDERED**, as follows:

Confidential disclosure of any such documents or information to the mediator is not, and shall not be deemed by any court or other tribunal, a waiver of any otherwise applicable privilege or protection. When any such confidential disclosure is made in writing, the document containing the disclosure shall, if retained by the mediator, be marked "Subject to Protective Order" by the disclosing party or attorney. Any such confidential written or oral disclosures shall be kept confidential by the mediator unless the disclosing party or attorney otherwise agrees.

This protective order does not require the mediator to retain any documents nor does it prevent him from destroying any documents he had retained or any other documents that he or his staff may create.

Edward J. Damich

**Chief Judge Edward J. Damich**
**for Judge Christine O.C. Miller**