# In the United States Court of Federal Claims

FILED
MAR 30 2005
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **FLORIDA POWER & LIGHT COMPANY, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 96-644C<br><br>(Filed Mar. 30, 2005) |

## PROTECTIVE ORDER

The parties have agreed to engage in voluntary mediation in an effort to resolve this case and others between them. Voluntary settlement, of course, is favored by public policy.

To further the prospect of settlement, the parties or their counsel, or both, may make confidential written or oral disclosures to the mediator, his staff, or both, of documents or information (including mental impressions, conclusions, opinions, or legal theories) that may otherwise be privileged or protected, for example, under the attorney/client privilege or the attorney work product doctrine or Rule 26 (b) (3) of the Rules of this Court. The willingness and ability to make such confidential disclosures, and therefore the likelihood of settlement, are affected by the existence of similar lawsuits brought by other plaintiffs against the United States. To further the prospect of settlement,

**IT IS ORDERED**, as follows:

Confidential disclosure of any such documents or information to the mediator is not, and shall not be deemed by any court or other tribunal, a waiver of any otherwise applicable privilege or protection. When any such confidential disclosure is made in writing, the document containing the disclosure shall, if retained by the mediator, be marked "Subject to Protective Order" by the disclosing party or attorney. Any such confidential written or oral disclosures shall be kept confidential by the mediator unless the disclosing party or attorney otherwise agrees.

This protective order does not require the mediator to retain any documents nor does it prevent him from destroying any documents he had retained or any other documents that he or his staff may create.

Edward J. Damich

**Chief Judge Edward J. Damich**
**for Judge Christine O.C. Miller**